IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODAY'S TDI, INC., | ) |
|     Plaintiff/Counterclaim Defendant, | ) ) ) |
| v. | ) 2:02cv2168 ) Electronic Filing ) ) Judge Cercone ) Magistrate Judge Caiazza |
| MEDICINE SHOPPE INTERNATIONAL, INC., *et al.*, | ) ) ) |
|     Defendants/Counterclaim Plaintiffs. | ) ) |

## MEMORANDUM ORDER

AND NOW, this 15th day of September, 2005, after de novo review of the record and upon due consideration of the magistrate judge's report and recommendation filed on July 14, 2005, and defendants' objections thereto, IT IS ORDERED that the Defendants' Motion for Summary Judgment (Doc. 62) be, and the same hereby is, granted in part; summary judgment is entered in favor of the Defendants regarding the Plaintiff's claims; and summary judgment is entered in favor of the Plaintiff regarding the Defendants' Counterclaims. The motion is denied in all other aspects. The Clerk shall close this case. The report and recommendation is adopted as the opinion of the court.

    Defendants' objections are unavailing. First, the magistrate judge did take into account much of defendant's non-traditional theory of unfair competition and the factual components of that claim. See Report and Recommendation at 2-3, 5, 6, & 7. He simply and accurately determined that defendants have failed to identify a single prospective or actual customer whose business was diverted by any means that could support a viable claim for unfair competition. Id. at 5. Nor have counter claim plaintiffs come forward with evidence of a single prospective customer whose business became the subject of interference. Id. at 6. And their wholesale customer approach falls woefully short of the quantum of evidence needed to support a finding

that any of TDI's customers had dealings with the Medicine Shoppe that would support a reasonable expectation of future contractual business.[1] Id. The magistrate judge also succinctly and aptly pointed out that defendants' effort to use the same approach to establishing actual recoverable damages under a tortious interference claim suffers from the same shortcomings. Id. at 8.

In short, defendants have failed to present any affirmative proof that would permit the finder of fact to conclude that Today's TDI's customers were or likely would have been customers of the Medicine Shoppe within the territorial reach of the License Agreement. And there is no basis in the record to permit such a finding by inference. Therefore, in addition to the many shortcomings of counter claim plaintiffs' theories noted by the magistrate judge, it is abundantly clear that defendants' non-traditional unfair competition claim and tortious interference claims all collapse from the lack of any evidence to support an essential factual finding: that any Today's TDI customer was improperly diverted by Today's TDI or in any event would likely have placed his or her business at the Crafton Medicine Shoppe as an alternative to doing business with Today's TDI. Consequently, the counter claim plaintiffs' theories all reduce to the Medicine Shoppe's desire to share in Today's TDI's profits without proof that any such profits were improperly gained from actual or prospective Crafton Medicine Shoppe customers. Such a desire does not provide a supported viable claim for relief against Today's TDI and as a

---

1. On this score all of the authorities cited by counter claim plaintiffs are distinguishable because in those cases the new employer provided a former employee of the plaintiff with an existing venue for the diversion of customers or the use of confidential information in violation of a covenant not to compete. Here, Today's TDI did not provide an existing opportunity for Grejda to divert customers from the Medicine Shoppe; instead, Grejda created Today's TDI as a means to service customers that were independent from the Crafton Medicine Shoppe business and any breach of the License Agreement as the result of doing so was solely a product of Grejda's conduct. Consequently, counter claim plaintiffs' remedies, if any, are properly pursued before the bankruptcy court.

result the recommendation of the magistrate judge is entirely appropriate.

*[signature: D. Cercone]*
David Stewart Cercone
United States District Judge

cc: Honorable Francis X. Caiazza
U.S. Magistrate Judge

George L. Cass, Esq.
David J. Porter, Esq.
Buchanan Ingersoll
301 Grant Street
One Oxford Centre, 20th Floor
Pittsburgh, PA  15219

Paul A. Manion, Esq.
James R. Walker, Esq.
Manion, McDonough & Lucas
600 Grant Street, Suite 1414
Pittsburgh, PA  15219

H. Yale Gutnick, Esq.
Strassburger, McKenna, Gutnick & Potter
Four Gateway Center, Suite 2200
444 Liberty Avenue
Pittsburgh, PA  15222